IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2016

## STATE OF TENNESSEE v. LEONARDO WILLIAMS

**Appeal from the Criminal Court for Shelby County**
**Nos. 06-01192, 09-00026   James C. Beasley, Jr., Judge**
———————————————————

**No. W2015-02434-CCA-R3-CD  -  Filed October 14, 2016**
———————————————————

Leonardo Williams ("the Defendant") appeals the summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Defendant claims the trial court erred in revoking his probation on a three-year sentence because the sentence had expired. The trial court found the motion failed to state a colorable claim because the Defendant's sentences imposed by the court were legal and proper.  We affirm the summary dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee**

ROBERT L. HOLLOWAY JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Leonardo Williams, Yazoo City, Mississippi, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; William L. Gibbons, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 9, 2006, the Shelby County Grand Jury indicted the Defendant in Case number 06-01192 for one count of sale of a controlled substance, to wit: cocaine, (Count 1); one count of possession with intent to sell a controlled substance, to wit: cocaine (Count 2); and one count of possession with intent to deliver a controlled

substance, to wit: cocaine (Count 3). In 2009, by criminal information, the Defendant was charged with one count of possession with intent to sell point five (0.5) grams or more of a controlled substance, to wit: cocaine (Count 1) and one count of driving on suspended license (Count 2). On May 1, 2009, the Defendant pleaded guilty pursuant to a plea agreement and was sentenced, as a Range I standard offender, to consecutive sentences of one year for a Class E felony solicitation of sale of controlled substance, to wit: cocaine, in Count 1 of case number 06-01192, and three years for a Class C felony unlawful possession with intent to sell a controlled substance, to wit: cocaine, in Count 1 of case number 09-00026. The Defendant's sentences were probated. The May 1, 2009, probation order states that "[t]he expiration date of this probationary sentence is the 1[st] day of May, 2013." A petition to terminate probation was filed in 2012, and following a hearing on January 4, 2013, the Defendant's probation was revoked.

Thereafter, the Defendant filed a pro se "Motion to Correct an Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1 ("the motion"). The trial court found that the motion failed to state a colorable claim because the sentences were not illegal and summarily dismissed the motion. The Defendant timely appealed, claiming that his three-year sentence had expired and that he was "four months into [his] one-year sentence" when his probation was revoked. The State argues that the motion failed to state a colorable claim. We agree with the State.

## Analysis

Rule 36.1 provides in pertinent part that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a).

Sale of less than point five (0.5) grams of a controlled substance, to wit: cocaine, is a Class C felony. Tenn. Code Ann. § 39-17-417(c)(2)(A). "Solicitation is an offense two (2) classifications lower than the most serious offense solicited[.]" Tenn. Code Ann. § 39-12-107(b). For a Range I standard offender, Class E felonies are punishable by a sentence of one to two years. Tenn. Code Ann. § 40-35-112(a)(5). The Defendant's one year sentence for solicitation of sale of less than point five (0.5) grams of a controlled substance, to wit: cocaine, was authorized by the applicable statute and did not directly contravene an applicable statute. The sentence was legal.

For a Range I standard offender, Class C felonies are punishable by a sentence of three to six years. Tenn. Code Ann. § 40-35-112(a)(3). The three year sentence imposed by the trial court was authorized by the applicable statute and did not directly contravene an applicable statute. The sentence was legal.

The sentences are not illegal, and the trial court did not err in summarily dismissing the Defendant's Rule 36.1 motion.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

## Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE